OPINION
On September 19, 1992, appellant, David Cameron, and appellee, Pamela Cameron, were married. In July of 1994, appellant discovered he was sterile due to chemotherapy he had received to battle his leukemia. On April 2, 1997, appellee gave birth to a son, Tayler. Allegedly, appellee told appellant she had conceived the child through artificial insemination. Appellant was listed as the father on Tayler's birth certificate. On February 26, 1999, appellee filed a complaint for divorce. Said complaint denied the existence of any children born as issue of the marriage. Appellant's answer and counterclaim filed March 11, 1999 alleged a son, Tayler, was born as issue of the marriage. Appellee claims a third party, Steven Emerick, is Tayler's biological father. Appellee claims an HLA test and an administrative proceeding by the Summit County Child Support Enforcement Agency have established Mr. Emerick as Tayler's biological father. On April 7, 1999, appellant filed a motion to modify child companionship. On April 21, 1999, appellant filed a motion to establish child support. On April 30, 1999, appellant filed a motion for estoppel. A hearing was held on May 4, 1999. By judgment entry filed May 7, 1999, the trial court denied all three motions and vacated its prior orders which had allowed appellant supervised visitation with Tayler. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT ERRONEOUSLY REFUSED TO RECEIVE EVIDENCE OF THE PLAINTIFF-WIFE'S CONDUCT WHICH ESTOPS HER: (A) FROM DENYING THAT A CHILD WAS BORN AS ISSUE OF THE MARRIAGE; AND (B) FROM DEPRIVING THE CHILD OF AN ALREADY ESTABLISHED FATHER-CHILD RELATIONSHIP, IN DEROGATION OF THE CHILD'S BEST INTEREST.
 I
Appellant claims the trial court erred in refusing to receive evidence on the issue of estoppel. We agree. The trial court held a hearing on May 4, 1999 to entertain appellant's three motions. The estoppel motion claimed appellee should not be permitted to present the results of genetic testing in rebuttal to the presumption afforded under R.C. 3111.03(A)(1) which states as follows:
 (A) A man is presumed to be the natural father of a child under any of the following circumstances:
 (1) The man and the child's mother are or have been married to each other, and the child is born during the marriage or is born within three hundred days after the marriage is terminated by death, annulment, divorce, or dissolution or after the man and the child's mother separate pursuant to a separation agreement.
The standard by which the above presumption can be rebutted was established by the General Assembly in subsection (B)(1) which states as follows: (B)(1) A presumption arises under division (A)(3) of this section regardless of the validity or invalidity of the marriage of the parents. A presumption that arises under this section can only be rebutted by clear and convincing evidence that includes the results of genetic testing, except that a presumption that arises under division (A)(1) or (2) of this section is conclusive as provided in division (A) of section3111.37 of the Revised Code and cannot be rebutted. If two or more conflicting presumptions arise under this section, the court shall determine, based upon logic and policy considerations, which presumption controls. If a determination described in division (B)(3) of this section conflicts with a presumption that arises under this section the determination is controlling.
At the hearing before the trial court, appellant's trial counsel requested an evidentiary hearing to present facts that would rebut the genetic testing. T. at 8. In response, appellee's trial counsel argued the results of the genetic testing and appellant's prior knowledge that he was not Tayler's father, despite the fact the trial court had not taken any evidence. T. at 10-11, 19. Thereafter, the trial court requested a proffer from appellant's trial counsel, outlining the evidence that would be presented on the estoppel issue. T. at 22. We note a proffer is not meant to be considered as evidence by the trier of fact. Furthermore, appellee's trial counsel argued facts not in the record. T. at 25-27. By statutory mandate and case law, the presumption under R.C. 3111.03 may be rebutted by "clear and convincing evidence." Nelson v. Nelson (1983), 10 Ohio App.3d 36,38. At the hearing, there was no evidence presented, but numerous facts were argued which would reflect on "logic and policy considerations" as mandated by R.C. 3111.03(B)(1). Upon review, we find the trial court erred in refusing to receive evidence on the issue of estoppel. The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division, is hereby reversed and remanded.
By FARMER, P.J. WISE, J. and READER, V.J. concur.